## Huss, et al. v. City of Ludlow.

(Decided February 20, 1923.)

### Appeal from Kenton Circuit Court.

1. Municipal Corporations—Maintenance Through Private Property of Pipe Line for Water.—In the construction of a highway a pipe was placed across it in a ravine to carry off the surface water, a fill was made and the highway was placed on its surface. For his own convenience the owner of the land below the highway extended a pipe line to a creek and filled in the ravine, grading the surface for a city lot. Afterwards the pipe gave way at a point in this lot, and the adjacent property was damaged by the water. Held that the city was under no obligation to maintain the line of pipe at that place.

2. Municipal Corporations—Water Pipe Line Through Private Property.—A municipality is under no obligation to maintain a line of pipe running through private property and constructed and · used for the convenience of the owner.

B. F. GRAZIANI for appellants.

JACKSON & WOODWARD for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

John Huss owns two lots and is lessee of three others, all facing the "highway" in the city of Ludlow. W. S. Ludlow owns the fee in the three leased lots. Huss and Ludlow filed separate actions in the Kenton circuit court seeking damages for injuries to these lots occasioned by overflow of water from a broken sewer, which it was alleged was owned by the city and negligently permitted to remain out of repair. Both asked that a recovery be given for the benefit of John Huss; and the two actions were consolidated and heard together. At the close of the evidence, under instructions of the court, the jury returned a verdict for defendant.

The only question raised on this appeal is as to whether there was any evidence tending to support the plaintiff's claim. The "highway" is a great thoroughfare running from Covington through West Covington to the city of Ludlow. At the time of its construction these lots and the surrounding lands were a pasture field, and thought to be outside of the city limits. At that point the highway runs east and west, the lands to the south sloping upwards for a distance of several hundred yards, and reaching a height of 150 feet above the highway; it is possibly at an equal elevation above the Ohio river, which runs parallel with it, and lies some distance to the north.

The highway was constructed in 1903. Theretofore the water from the south had run down across the intervening space to the river without obstruction, but there were numerous depressions or ravines in which it collected. One such ravine crossed the present roadbed and ran northward and eastward through the field to another dry creek.

At that time one Fleming owned and controlled the adjacent lands north of the highway and subsequently graded same for building lots. At the point of intersection of the highway with this ravine the board of commissioners placed a twenty-four inch pipe in the ravine

to carry the surface water from the south to the north side thereof, and made a high fill over it.

Mr. Fleming made no objection to this, but on the contrary contracted with the road engineer to lay him a line of pipe of the same size down the same ravine for a distance of 250 feet and to turn east and carry it to the dry creek.

This contract was carried out and Mr. Fleming graded the lands on the northern side of the highway, cutting down the elevations and filling in the depressions, the fill over this line of pipe being fifteen feet deep. The right of way of the highway was sixty feet and the surface forty feet in width. It seems that Mr. Fleming and Mr. Ludlow, who also had an interest in the matter, dedicated fifteen additional feet to the highway. Another parallel street was laid off 250 feet north of the highway with an alley between, and the lands divided into lots and residences erected along both streets.

Plaintiff's residence was built by Fleming in the year 1910, and he constructed a concrete wall with a wire fence at the top of it at the rear of his lot next to the alley. The line of pipe mentioned passes through and under the surface of one of the leased lots, it being in plaintiff's side yard. It further appears that there is something of a sewerage system for the residences in the vicinity but that this pipe was not used for that purpose and that it carried nothing but surface water.

In the spring of 1916, the line of pipe gave way in appellant's yard, at a point estimated by witnesses at from ten to thirty feet from the highway, and the earth settled and water raised in the depression. He notified the city authorities of that fact and they undertook to investigate and repair it, but upon discovering that it was a private line did nothing more than to put some planks around it to prevent anyone falling into it.

In September, 1916, there was considerable rainfall, and this was accompanied by a heavy flow of water, which raised in his yard and washed the ground considerably and carried his concrete wall and fence across the alley into another yard, and left the depressions mentioned as much as fifteen feet in diameter and fifteen feet in depth.

The following spring the city reconstructed the highway and changed the pipe at this point so as to carry all of the water to the east, and plaintiff has not been further troubled thereby, though he complains of odors from the water pipe and asserts it bred mosquitoes.

There is no issue as to the title to the land and the evidence conduced to show that the injuries to the property resulted from the water escaping through the broken pipe, hence the only question to be determined is, under the facts stated, was any duty imposed upon the city of Ludlow to maintain the pipe at the place it bursted? It is not shown that any additional water was caused to flow through the pipe other than naturally flowed through the ravine before the road was constructed, except there is some evidence to the effect that at the time Fleming owned the Huss property he and Mr. Ludlow, who owned the land on the south side, made a small catch basin on the south side of the highway and thereby diverted a small additional amount of water therein, but it is not claimed the city had anything to do with this or that this in any way overburdened the pipe. It is not shown that the city used the pipe line on plaintiff's premises for sewerage purposes or that it ever accepted it as a part of its sewerage system, or that it was at all instrumental in the construction thereof, or that the pipe itself was not sufficiently large to carry off the water; or that the portion in the road was not properly constructed; indeed, at the time it was extended by Fleming this place was considered outside the city boundaries and the construction of it was entirely at his instance and direction. A number of cases have been cited by appellant, but in all of them the facts are essentially different from this one, and our attention has not been called to any authority holding that it the duty of a city to maintain a line of pipe which was constructed by private individuals, through private property and used for private purposes, and we are unable to perceive any reason for so holding.

It follows that the circuit court did not err in giving a peremptory instruction for defendant.

Judgment affirmed.